

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00056-CR

———————————————

KEDRICK DEON THOMAS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1543324D

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Kendrick Deon Thomas appeals his conviction for arson of a habitation, a first-degree felony to which he made an open plea of guilty in a bid for community supervision. *See* Tex. Penal Code Ann. § 28.02(a), (d)(2). The trial court found the indictment's deadly weapon allegations true and sentenced him to eleven years' confinement. *See id.* § 12.32 (stating first-degree felony punishment term as confinement for life or not less than 5 years or more than 99 years and up to a $10,000 fine).

Appellant's court-appointed appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). While counsel's brief and motion did not strictly follow the requirements of *Anders v. California*, which requires presenting a professional evaluation of the record *demonstrating* why there are no arguable grounds for relief, *cf. id.*, 87 S. Ct. at 1400,[1] we independently examined the entire record, as is *our* duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort

---

[1]Counsel's *Anders* brief here provides only conclusions and no analysis. *Cf. Stafford*, 813 S.W.2d at 510 & nn.2–3 (identifying first *Anders* brief that merely made conclusions as "obviously deficient" and complaining that second *Anders* brief's "cursory review of the evidence" was also inadequate). While our review of the record reflects that the appeal is indeed frivolous, i.e., that counsel came to the right conclusion, we expect a more diligent demonstration of the work leading to that conclusion from an attorney who files an *Anders* brief.

Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Appellant filed a pro se response. The State agreed with Appellant's counsel's assessment of the case and has not filed a brief.

We have carefully reviewed the record, counsel's brief,[2] and Appellant's pro se response and have determined that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 27, 2020

---

[2]Based on our stringent review of the record and our conclusion that the appeal is indeed frivolous, ordering counsel to file another brief or abating the appeal for the appointment of new appellate counsel would result in a waste of resources for all involved because there are no arguable issues presented on this record. *Cf. Stafford*, 813 S.W.2d at 510 & n.2, 511.